**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY FRANKLIN, | ) | CASE NO. CV 09-00701 RGK (RZ) |
|               Petitioner, | ) ) ) | ORDER – |
|    vs. | ) ) | 1.   SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE; and |
| JAMES A. YATES, Warden, | ) ) ) | 2.   DENYING PETITIONER'S STAY AND ABEYANCE MOTION WITHOUT |
|               Respondent. | ) ) | PREJUDICE |

After Respondent moved to dismiss, asserting that three of Petitioner's five habeas claims are unexhausted, Petitioner conceded this and stated that he currently has a pending state-court habeas proceeding seeking to exhaust those very claims. But because that pending proceeding, if successful, could moot this action at least in part, the Court will dismiss this action without prejudice. The Court also denies without prejudice Petitioner's motion "to . . . proceed as a 'mixed petition,'" which the Court construes as a motion to "stay and abey" this action.

///

///

///

///

# I.

## THE EXHAUSTION-RELATED *SHERWOOD* DOCTRINE

### A.     Applicable Law

State prisoners seeking to challenge their convictions or sentences by way of a federal habeas petition must first exhaust state judicial remedies, by giving to the highest state court a fair opportunity to rule on the merits of each issue they wish to raise in federal court. 28 U.S.C. § 2254(b), (c). The exhaustion requirement, "grounded in principles of comity," *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal of the conviction for some other reason, thereby rendering the federal petition moot. *Id*. (citations omitted).

Finally, a petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because  –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals. Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

**B.  Analysis**

Respondent argues that Petitioner failed to exhaust Claims 1, 4 and 5. In his opposition, captioned as a separate "Motion to Legally Proceed as a 'Mixed Petition,'" Petitioner expressly concedes this – and he adds that those claims are proceeding "through the state courts at this time." The Court has verified this to be essentially true: public records indicate that Petitioner filed a habeas petition in the California Court of Appeal on April 30, 2009,[1] 13 days after the filing of his brief in this Court stating that he was in the process of exhausting his claims. This Court thus may not proceed without offending the *Sherwood* doctrine. (Petitioner also has admitted that three of his claims are unexhausted in the more conventional sense.) As *Sherwood* points out, the federal courts must respect the possibility that Petitioner will obtain relief on his pending state petition, a result that would moot this petition. 716 F.2d at 634.

---

[1] *See* public docket of the California Court of Appeal, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1906523&doc_no=B215738.

## II.

## STAY AND ABEYANCE MOTION

Because *Sherwood* requires the action's dismissal, the Court also will deny, without prejudice, Petitioner's attendant motion to "stay and abey" this action while he completes the exhaustion process.

## III.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice. Petitioner's Motion for Stay and Abeyance also is DENIED without prejudice. The Court notes that dismissal for failure to exhaust is neither a dismissal with prejudice nor a denial on the merits; hence, if a petitioner returns to federal court with another petition presenting some or all of the same claims, the latter petition is not a "second or successive petition" subject to heightened procedural scrutiny. *Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

IT IS SO ORDERED.

DATED: May 7, 2009

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE